IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FIRST STATE BANK OF CROSSETT                                           APPELLANT

V.                          CASE NO. 09-CV-1011

JOE ANN FOWLER                                                          APPELLEE

## MEMORANDUM OPINION and ORDER

Before this Court is an appeal from the October 29, 2009, order of the United States Bankruptcy Court of the Western District of Arkansas. Appellant First State Bank of Crossett ("First State Bank") has filed its brief. (Doc. 5). Appellee Joe Ann Fowler has filed her brief. (Doc. 6). Appellant has filed a response. (Doc. 7). The matter is now ripe for the Court's consideration.

### I. BACKGROUND

On May 9, 2002, Joe Ann Fowler filed for Chapter 13 bankruptcy. As part of the Chapter 13 plan that was proposed, Fowler was to pay First State Bank a regular monthly payment in the amount of $257.42 on a mortgage loan. Also, Fowler was to pay First State Bank a monthly payment of $37.50 to cure an arrearage on her mortgage debt. On August 29, 2002, First State Bank filed a secured claim on the mortgage debt for $15,555.04. The original arrearage claim was filed in the amount of $684.78.[1] However, First State Bank argued that the arrearage amount was too low and requested that the trustee change the arrearage amount to $1,181.65. The

---

[1] The original arrearage claim that was filed was in the amount of $6R4.78, but was later changed to $684.78 to fix the discrepancy.

Chapter 13 Trustee filed an additional Motion and Order that allowed the arrearage claim to be set in the amount of $1,181.65.

On October 9, 2007, the Trustee filed a motion to dismiss because the Appellee's plan would not be completed within sixty (60) months. Appellee then filed an adversary proceeding for turnover and release of the lien, arguing that the mortgage note had been paid in full and that the Trustee had been overpaid. After a hearing on the merits, the bankruptcy court found that Appellee had overpaid the Trustee in the amount of $638.96. The court then ordered Appellant to remit the overpaid funds and release the mortgage lien on Appellee's home. The court also awarded attorney's fees and costs in the amount of $10,537.00 pursuant to Ark. Code Ann. § 16-22-308 and Federal Rules of Bankruptcy Procedure 7054(b). The Court will now consider Appellant's appeal seeking to overturn the bankruptcy court's decision finding an excess of payment as well as the court's award of fees and costs.

## II. DISCUSSION

The Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See In re Reynolds*, 425 F.3d 526, 531 (8th Cir. 2005); *In re SRC Holding Corp*. 545 F.3d 661, 666 (8th Cir. 2008). There are two issues on appeal. The first issue on appeal is whether there was clear error in the bankruptcy court's finding that Appellee had overpaid the debt owed to First State Bank in the amount of $638.96. The second issue on appeal is whether the bankruptcy court rightly applied sections of Arkansas law and the Federal Rules of Bankruptcy Procedure that allowed for a recovery of attorney's fees and costs.

### 1) Payment of mortgage debt

The bankruptcy court, after a trial on the merits, held that Appellee had overpaid her

outstanding mortgage debt by $618.04 and had also overpaid $20.92 in interest for a total of $638.96. After its findings, the bankruptcy court discharged the mortgage lien on Appellee's home and ordered Appellant to pay $638.96 that had been overpaid on the mortgage debt. The bankruptcy court based its ruling on the testimony of Howard M. Beaty, Jr., who is the President and Chief Executive Officer ("CEO") of First State Bank, Linda McCormack, a staff attorney for the Chapter 13 Trustee's Office, and internal records from First State Bank.

Beaty, during his testimony, provided two internal bank documents that showed that Fowler's account had been paid in full. The documents provided by Beaty indicated that the account had been overpaid by $618.04 for principal and $20.92 for interest. Beaty then testified that he had prepared several different spreadsheets, and that his calculations showed that there had been an error with regards to Fowler's account and that the account still had an outstanding balance. Based on the spreadsheets prepared by Beaty, they showed an outstanding balance on Fowler's loan ranging from $1,225.21 to $3,661.26 depending on the methodology used for each calculation. Appellant relies on these calculations to show that the bankruptcy court was clearly erroneous when it concluded that Fowler had overpaid her loan in the amount of $638.96. Ms. McCormack, a staff attorney for the Chapter 13 Trustee's office, testified that the Trustee had set the mortgage debt at $15,555.04 and the arrearage claim in the amount of $1,181.65. She also testified that the Trustee's records show that there remained an outstanding balance of $515.90 on the mortgage indebtedness, and a balance of $507.84 remaining on the arrearage claim.

Appellee argues that Beaty's testimony shows various problems with the way First State Bank added charges and calculated her loan. Based on the documents provided during Beaty's testimony, the bank's master file inquiry showed that the loan had been paid in full on March 11,

2008. Appellee also disputes the original amount of the mortgage debt. Appellee states that all of Beaty's calculations start with a principal balance of $15,555.04, but Appellant's Proof of Claim was in the amount of $14,421,38. Appellee further argues that the arrearage claim should have been in the amount of $684.78 and that Beaty admitted that there was no evidence in the loan history stating that the amount of arrearage was $1,181.65. Appellee points to Beaty's testimony that First State Bank had made several discrepancies with regards to late payments charged to Fowler's loan. Namely, First State Bank added $262.50 to the principal amount of the loan, but Beaty could not testify as to what that charge related to. Also, on October 16, 2002, a charged of $998.25 was added to the principal amount of the loan, and again Beaty did not know why that amount had been added to the loan but testified that he thought the amount was for attorney's fees. Beaty testified that the bank had applied payments made to the Trustee to the late charges that were added to the account. Also, Beaty testified about a letter that had been prepared by the senior vice-president of the bank, which stated that the loan was current and had been paid through July 18, 2007. Appellee's final argument with regards to Beaty's testimony was that even though he had an accounting degree, he was not a Certified Public Accountant ("CPA"). Also, the bank had a CPA on retainer but had not contacted him or her to calculate Fowler's loan. Finally, Appellee points out that Beaty had testified that if the bank records were correct, he would want the customer to have advantage of the lower calculation.

The bankruptcy court held that the bank's own records were the most reliable, and that since the bank's records showed that the Appellee had overpaid the debt by $618.04 for principal and $20.90 for interest, it ordered the bank to release the mortgage lien and remit payment of the overcharged funds to Appellee. The court did not find the calculations made by Beaty or the

testimony of McCormack to be persuasive. The court went on to justify its ruling by stating that Appellant had failed to provide sufficient proof that the bank's computer records were erroneous. This Court agrees with the findings made by the bankruptcy court. Appellant provides the same evidence that was presented to the bankruptcy judge, both the calculations provided by Beaty and the testimony of McCormack, but does not provide sufficient evidence as to why the bank's records were erroneous. The Court does not feel that it needs to decide the issue with respect to the original amount owed under the mortgage or the arrearage claim, because it has accepted the ruling of the bankruptcy court and found no error on its part. Therefore, Appellant has failed to show that the bankruptcy judge's ruling is clearly erroneous, and the Court affirms the bankruptcy court's ruling with respect to full payment of the mortgage debt and overpayment by $638.94.

2) Attorney's fees

The bankruptcy court awarded attorney's fees and costs to Appellee pursuant to Ark Code Ann. § 16-22-308 and Federal Rules of Bankruptcy Procedure 7054(b). It has long been the rule in American Courts that parties to the litigation bear the costs of his or her own attorney's fees, and that the court may not award attorney's fees unless specifically authorized by either federal or state statute. *See United States v. Mexico Feed and Seed Co.*, 980 F.2d 478, 490 (8th Cir. 1992) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 249-50 (1975)). Here, the bankruptcy court held that there were no specific provisions in the Bankruptcy Code that authorized the award of attorney's fees under the set of facts, and therefore based its award on Arkansas law. The relevant Arkansas Code section states:

> In any civil action to recover an open account, statement of account,

> account states, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308.

Appellant's argument against the award of attorney's fees in this case is that Ark. Code Ann. § 16-22-308 only allows for attorney's fees in cases based primarily in contract. *See Wheeler Motor Co., Inc. v. Roth*, 867 S.W.2d 446, 451 (Ark. 1993); *Security Pacific Housing Services, Inc. v. Friddle*, 866 S.W.2d 375, 379 (Ark. 1993); *Stein v. Lukas*, 823 S.W.2d 832, 837 (Ark. 1992). Appellant argues that the claims asserted by Appellee do not allege breach of contract but are instead for overpayment of mortgage indebtedness, release of lien, and refund of the amount overpaid for the mortgage debt. (Doc. 5, pg. 16). Appellant relies on the case of *Nationsbanc Mortg. Corp. v. Hopkins*, which held that Nationsbanc had negligently failed to perform its statutory and contractual obligations by not releasing prior mortgages. *See generally* 114 S.W.3d 757 (Ark. App. 2003). In its decision, the Arkansas Court of Appeals overturned the award of attorney's fees stating that Ark. Code Ann. § 16-22-308 only allows for an award of attorney's fees in actions based primarily in contract, and the court viewed the action as one arising in violation of a statute and possible negligence, which do not support an award of attorney's fees. *See id*. at 766. Based on this ruling, Appellant argues that it did not breach any contract with Appellee and did not knowingly accept improper payments in violation of the terms of the mortgage loan.

The bankruptcy court ruled that Appellee's claim was based on a promissory note. The

court added that a promissory note is a contract, and that Appellant breached its contract with Appellee when it failed to release its lien after the note had been paid. This case is distinguishable from *Nationsbanc*, because the plaintiffs in that case brought a cause of action pursuant to a statute and possible negligence on the part of the bank. *See Nationsbanc*, 114. S.W.3d at 761. Furthermore, Appellee did not bring a claim pursuant to a statute or a claim of negligence against First State Bank, but rather argued that First State Bank had violated the promissory note when they failed to release the lien on Appellee's property after full payment of the debt. The Court agrees with the bankruptcy court's that, "[t]here are no allegations of negligence or violations of a statute in the case at bar, rather this action was brought because of alleged failure to abide by the terms of the promissory note. This is the type of action § 16-22-308 was designed to cover." (Doc. 1-14, pg. 4). Therefore, the Court finds no error in the bankruptcy court's ruling for attorney's fees for Appellee.[2]

3) Court costs

Arkansas Rule of Civil Procedure 54(d) and Federal Rule of Bankruptcy Procedure 7054 list what are allowable court costs. The Arkansas rule limits recoverable costs for deposition expenses, expert witness fees, or travel expenses. *See* Ark. R. Civ. P. 54(d); *Sunbelt Exploration Co. v. Stephens Production Co.*, 896 S.W.2d 867, 873-74 (Ark. 1995). The Federal Rule of Bankruptcy has no limit on the recovery of costs, but instead permits the court in its sound discretion to award costs in an adversary proceeding. *See* Fed. R. Bankr. P. 7054. The bankruptcy court held that since this was a matter of federal law, the federal procedural rule

---

[2] The Court will not decide whether the attorney's fees awarded were reasonable, because this issue has not been challenged on appeal.

should prevail over the state procedural rule because there is no concern over the possibility of forum shopping. (Doc. 1-14, pg. 7). After deciding that the federal rule would prevail over the state rule, the court stated that the discretion of the judge is limited only by 28 U.S.C. § 1920, which lists the costs that are taxable by a court. *See* 28 U.S.C. § 1920 (listing taxable costs as fees of the clerk or marshal, fees for printed and electronically recorded transcripts, fees and disbursements for printing and witnesses, etc.). The court added that "[t]here is a strong presumption favoring the award of costs to the prevailing party …. The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." *In re O'Callaghan*, 304 B.R. 887, 891 (Bankr. M.D. Fla. 2003) (quoting *In re Franklin Arms Court L.P.*, No. 02B48101, 2003 WL 1883472, at *14 (Bankr. N.D. Ill. April 10, 2003)). The court held that Appellee's costs relating to hiring an analyst, service by a sheriff, a deposition charge, and transportation to the court were reasonable and that Appellant had not provided genuine reasons to excuse itself from paying for these costs; thus, the court awarded them. Since Appellant has offered no argument against the award of costs in its motion or brief, the Court affirms the bankruptcy court's ruling that awarded costs to Appellee.

### III. CONCLUSION

For the reasons state herein and above, the Court concludes that the bankruptcy court did not err in ordering the release of Appellee's mortgage lien and repayment in the amount of $638.94. The bankruptcy court also did not err in awarding attorney's fees and costs to the

Appellee. Accordingly, the decision of the bankruptcy court should be and hereby is

**AFFIRMED**.

IT IS SO ORDERED, this 22nd day of March, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge